UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV 605-030 |
| | ) | CR 602-008 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner William Eric Green's Motion to Recall Mandate, Vacate the Judgment, Enter a New Judgment, or Give an Evidentiary Hearing (CV Doc. 21). For the reasons discussed below, the Motion is **DENIED**.

## DISCUSSION

Petitioner was indicted for numerous criminal charges (CR Doc. 13),[1] convicted pursuant to a guilty plea (CR Docs. 83 & 86), and sentenced by this Court (CR Doc. 91). Petitioner then filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence (CR Doc. 144). Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (CR Doc. 179), which this Court denied (Doc. 209); both this Court and the Eleventh Circuit denied Petitioner's request for a Certificate of Appealability (CR Docs. 223 & 224). Petitioner subsequently filed the currently-pending Motion to Recall Mandate, Vacate the Judgment and Enter a New Judgment (CV Doc. 21; CR Doc. 228).

---

[1] The Court finds it unnecessary to extensively list the procedural history of the case, but references and incorporates the relevant docket entries.

In his Motion, Petitioner argues that his plea agreement was unconstitutional and should be void, and that this Court did not properly consider the claims raised in his initial Motion to Vacate. The Government correctly argues in Response that Petitioner's claim is a second or successive § 2255 motion, and that the Motion must therefore be dismissed for failure to comply with the procedural law governing such motions.

"The Antitterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-32, 110 Stat, 1214 (1996) requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it." U.S. v. Holt, 417 F.3d 1172 (11th Cir. 2005) (citing 28 U.S>C. § 2244(b)(3)(A); § 2255 (cross-referencing § 2244). Without this authorization, the district court lacks jurisdiction to consider a second or successive petition. Id. (citation omitted). As noted above, this Court has previously considered and denied Petitioner's initial Motion to Vacate, and accordingly, the Motion at bar must be dismissed for lack of jurisdiction.

In accordance with the above, it is **HEREBY ORDERED** that Petitioner's Motion to Recall Mandate, Vacate the Judgment, Enter a New Judgment, or Give an Evidentiary Hearing (CV Doc. 21) is **DISMISSED** and his accompanying Motion to Proceed IFP (CV Doc. 22; CR Doc. 229) is **DENIED**.

**SO ORDERED.**

_____
**JOHN F. NANGLE**
**UNITED STATES DISTRICT JUDGE**

Dated: June 5, 2008