# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 602-008 |
| | ) | |
| WILLIAM ERIC GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant William Eric Green's Motion to Appoint Counsel (Doc. 237), Motion for Reconsideration (Doc. 246) and Motion to Amend (Doc. 247). For the reasons discussed below, the Motions are **DENIED**.

Defendant Green was indicted, along with three co-defendants, for numerous criminal charges (Doc. 13);[1] he was convicted, pursuant to a guilty plea, of one count of conspiracy to possess with intent to distribute a quantity of cocaine base and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846, and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Doc. 91); the Court sentenced Defendant to a 240-month prison term and a 60 month prison term, respectively, and ordered that the sentences would be served consecutively, for a total of 300 months' imprisonment. Green pursued his case through the appeals process and via collateral attack, but was unsuccessful. The initial sentence,

---

[1] The Court finds it unnecessary to extensively list the procedural history of the case, but references and incorporates the relevant docket entries.

however, recently came before the Court for reevaluation pursuant to amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Guidelines were amended to lower the penalties for most offenses involving cocaine base (commonly referred to as crack cocaine) offenses. The Sentencing Commission voted to apply the crack amendments retroactively to cases sentenced before November 1, 2007. The Commission also modified U.S.S.G. §1B1.10, the Guideline concerning the retroactive application of amendments.

After the above reforms were implemented, this Court, with the assistance of the Probation Office, reassessed each sentence possibly impacted, including Defendant Green's. Pursuant to 18 U.S.C. § 3582(c)(2), the statute governing reduction of sentences based on retroactive amendments, the Court considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), and the provisions of U.S.S.G. §1B1.10. Under this rubric, the Court reduced Green's sentence to an amount within the applicable Amended Guideline Range (Doc. 241). The Court has considered the arguments contained in Green's Motion for Reconsideration[2] and Motion to Amend; notwithstanding the issues raised therein, the Court finds its sentence of 235 months to be appropriate.

---

[2] In his Motion, Green states that his original range was 230 to 293 months, which presumably guides his request for a sentence at the low end of the amended range. However, Green pled guilty to a lesser included offense of Count 1, and the original range was capped at 240 months, as set forth in the guilty plea and reflected in this Court's recent Order. Therefore, the original sentence imposed was, in fact, the maximum sentence allowable, as opposed. The Court further notes that Green's arguments relating to judicial fact-finding are not cognizable in the current posture of his case, which allows his sentence to be revisited based only on the Court's statutory authority to apply the retroactive amendments.

For the reasons discussed above, Defendant's Motion for Reconsideration (Doc. 246), Motion to Amend (Doc. 247), and Motion to Appoint Counsel[3] (Doc. 237) are **HEREBY DENIED.**

**SO ORDERED.**

/s/ John F. Nangle
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2008

---

[3] There is no right to the assistance of counsel on a motion for reduction of sentence. U.S. v. Legree, 205 F.3d 724 (4th Cir. 2000) (citations omitted).