# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM GREEN,

Petitioner,

v.  6:05-cv-30

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

This matter is before the Court on Petitioner William Green's ("Green") "Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(4) and (6) Federal Rules of Civil Procedure and Invoking the Liberal Pleading and Contruance Doctrine." Doc. 26 (the "Rule 60(b) Motion"). In the Rule 60(b) Motion, filed on February 19, 2010, Green seeks relief from this Court's Order dismissing his Section 2255 Motion ("2255 Motion") on July 1, 2005. See Doc. 11.

Following the denial of his 2255 Motion, Green filed a "Motion to Recall Mandate, Vacate the Judgment, Enter a New Judgment or Give an Evidentiary Hearing" (see Doc. 21) ("Motion to Recall"), which the Court denied as an impermissible second or successive Section 2255 motion (see Doc. 24 at 2).

### II. RULE 60(b) MOTION

#### A. Arguments Previously Raised

Green now asks the Court, in the guise of a Rule 60(b) Motion, to reconsider a number of the same claims that he made in his 2255 Motion and in his Motion to Recall. As the Government correctly notes, Green's Rule 60(b) Motion mostly "just rehash[es] old arguments about Green's change-of-plea hearing that Green raised in his § 2255 motion." Doc. 27 at 2.

Green presents a list of five arguments in his Rule 60(b) Motion, but in reality, the first four restate the same basic issue—Green claims that his indictment was improperly amended. See Doc. 26 at 4-6. This amended indictment issue, along with the sub-issues identified by Green in his Rule 60(b) Motion, was briefed at length when Green filed his 2255 Motion (see Doc. 8-1 at 19-27), and was rejected by this Court's Order denying the same (see Doc. 11 at 9-11).

Because Green seeks the same substantive relief through the first four arguments in his Rule 60(b) Motion, those four arguments are construed as successive under Section 2255. See 28 U.S.C. § 2255 (h); *Gonzales v. Crosby*, 545 U.S. 524, 530-31 (2005) (holding that a Rule 60(b) motion should be construed as a second or successive habeas petition when it advances claims that were presented in a prior application).

In order for Green to properly file a second or successive 2255 motion, he must first obtain permission to do so from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3) (stating that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the

district court to consider the application"). *See also* 28 U.S.C. § 2255 (h) (referencing section 2244's certification requirement).

Specifically, the appellate court must certify that the second or successive petition contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Therefore, this Court is not authorized to review the substance of Green's arguments absent permission from the Eleventh Circuit. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (stating that pursuant to section 2244, "the district court lacked jurisdiction to consider [the petitioner's] request for relief because [he] had not applied to [the appropriate court of appeals] for permission to file a second habeas petition").

Green has presented no evidence that he has either requested or received the Eleventh Circuit's blessing to file this successive petition. Until such permission is granted, this Court lacks jurisdiction to consider his arguments.

### B. Court's Alleged Failure to Address All Claims

Green also raises a new argument, claiming that under both Rule 60(b)(4) and (6), the District Court failed to resolve all of the claims raised in his 2255 Motion. *See* Doc. 26 at 6-7. In relevant part, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief."

### 1. Rule 60(b)(4) is inapplicable

As an initial matter, the Court concludes that Rule 60(b)(4) is inapplicable here. A judgment is generally void "under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citations omitted).

Here, Green has explicitly alleged neither that the Court lacked jurisdiction nor that the Court's Order denying him habeas relief violated due process. He first suggests that the Court improperly resolved part of his 2255 Motion on procedural grounds. *See* Doc. 26 at 6-7. In support of this argument, Green cites *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). Nothing in *Clisby*, however, bars this Court from resolving Green's claims on proper procedural grounds—it simply requires courts to resolve each of the claims presented. *Clisby*, 960 F.2d at 936 (the Supreme Court of the United States exercising its "supervisory power over the district courts, and instruct[ing] the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus . . . regardless whether habeas relief is granted or denied") (citations omitted). This argument is, therefore, without merit.

2

Green then makes the general statement that the Court has not resolved "the whole body of each individual claim of the petitioner," but fails to identify any specific claim that he believes was not entirely resolved. See Doc. 26 at 7. The Court's Order denying Green's 2255 Motion carefully addressed the myriad arguments raised in the Motion. See generally Doc. 11. The Court will not imply a claim that its Order violated due process, particularly when, as here, Green has failed to explain the basis for any such argument.

Because Green has pointed to nothing that would lead this Court to question its jurisdiction, and has not identified any part of the judicial process that was inconsistent with the due process of law, he has failed to establish grounds for challenging the denial of his 2255 Motion under Rule 60(b)(4).

### 2. Green's request for relief under Rule 60(b)(6) is untimely

Green is left, then, with his argument under Rule 60(b)(6). As noted above, Rule 60(b)(6) authorizes the Court to grant Green's motion on the basis of "any other reason that justifies relief." In order to avail himself of such relief, however, Green was required to file his Rule 60(b)(6) Motion within a reasonable time after entry of this Court's Order denying his 2255 Motion. See Rule 60(c)(1) (Motions under Rule 60(b)(6) "must be made within a reasonable time . . . after the entry of the judgment or order."); Ramsey v. Walker, 304 F. App'x 827, 828 (11th Cir. 2008).

"A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." Ramsey, 304 F. App'x at 828 (citing Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir.1976)).

In order to obtain relief under Rule 60(b)(6), Green must show "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (quotations omitted).

The Government claims that Green's final basis for relief should be denied due to unreasonable delay because Green filed this Motion more than four years after the Court denied his 2255 Motion. See Doc. 27 at 4-5.[1] Green has made no attempt to explain the delay in filing this Motion, much less provided a good reason.

---

[1] The Government made the unreasonable delay argument as to Green's claim under Rule 60(b)'s subsections (4) and (6). Even though the Court has decided that Rule 60(b)(4) is inapplicable here, we note that Rule 60's "reasonable time" restriction does not limit motions made pursuant to subsection (b)(4). See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir.1994) (agreeing with the First, Fifth, Seventh, Tenth, and D.C. Circuits that a motion pursuant to Rule 60(b)(4) raising a jurisdictional defect is not subject to the Rule's reasonable time limitation).

Because Green has not given the Court a reason to excuse the delay, and because the Court sees none based on its review of the record, Green's Rule 60(b) Motion is, hereby, *DENIED*.

This 14th day of October 2010.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA