# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC GREEN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CR602-008 |
| UNITED STATES OF AMERICA, | ) ) | CV613-077 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

William Eric Green has filed a 28 U.S.C. § 2255 motion that travels the same path cut by *Bazemore v. United States*, ___ F. Supp. 2d ___, 2013 WL 2284890 at * 3 (S.D. Ga. May 23, 2013). Like § 2255 movant Bazemore, he was felony convicted in this Court and received a sentence enhanced by prior state crimes, one of which he now claims has been vacated, thus materially affecting the enhancement calculation. Docs. 91 & 325; PSI at 13-16.[1] Hence, he seeks a sentence reduction. Doc. 325 at 6. Also like Bazemore, he acknowledges his prior § 2255 motions, *see*

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

docs. 197, 215, 228, 249 & 325, argues that this one is not successive, and there is no question that it is way past 28 U.S.C. § 2255(f)'s one-year limitations period for filing § 2255 motions. *Id.* at 2-5.

Finally, Green similarly invokes *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), for the proposition that once he shows that he diligently (and successfully) sought and obtained vacatur of a sentence-enhancing prior conviction, his § 2255 process is "re-started" by *Stewart*. Put another way, his latest 2255 motion is neither successive nor (he implicitly argues) untimely. Doc. 325 at 2.

The thread that unravels Green's § 2255 claim spins from 28 U.S.C. § 2255(f)(4), which provides that the one-year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4), so long as the petitioner exercised diligence in seeking that order." *Stewart*, 646 F.3d at 858 (citing *Johnson v. United States*, 544 U.S. 295, 302 (2005)) (footnote omitted); *see also id.* at 858 n. 2 ("the Government concedes

that Stewart's [§ 2255] [motion was timely because he exercised due diligence in pursuing the vacatur of his state convictions"); *United States v. Hicks*, 2011 WL 7070532 at * 3 (N.D. Fla. Dec. 22, 2011).

The undersigned applied *Stewart* in *Bazemore v. United States*, 2012 WL 3552702 (S.D. Ga. Aug. 15, 2012) (*Bazemore I*), reasoning that:

> *Stewart* is a game-changer. After Stewart was federally sentenced as a career offender, he timely but unsuccessfully moved for § 2255 relief. *Stewart*, 646 F.3d at 857. During that time, he also diligently sought to vacate his state court convictions. *Id*. After he succeeded in doing that, he timely filed a second § 2255 motion based on that new fact. *Id*. at 857–58. *Stewart* held that the vacated conviction was a new fact and thus formed the basis for a new, "first" § 2255 motion. *Id*. at 865. It was new because "the fact that the vacatur of the petitioner's state convictions occurred subsequent to the filing of his original § 2255 motion meant that he could not have brought the vacatur-based claim in any prior § 2255 motion." *Boyd v. United States*, 2011 WL 5512647 at * 3 (S.D.Ga. Sep.28, 2011).[1]

*Id.*, 2012 WL 3552702 at * 1.

---

[1] *Stewart* implements *Johnson's* holding that the state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4). *Johnson*, 544 U.S. at 302. *Stewart* held that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion to vacate was filed and denied, his second motion is not forbidden -- provided the petitioner has acted with due diligence. *Stewart*, 646 F.3d at 863–65; *Williams v. United States*, 2011 WL 4344449 at *4 (W.D.N.C. Sep. 15, 2011). While some say that neither the Eleventh Circuit nor the Supreme Court have held *Johnson* to be retroactive to cases on collateral attack, *Smith v. United States*, 2012 WL 2505309 at * 2 (M.D. Fla. Jun. 28, 2012), *Stewart* is reduced to a mere advisory opinion unless *Johnson* is retroactive, so it is fair to conclude that *Stewart* implicitly held that *Johnson* is retroactively applicable to collateral proceedings.

3

*Stewart*, then, not only re-started the § 2255 process for Bazemore, but also re-set § 2255(f)'s one-year limitations clock. But, in contrast to the position that it took in *Stewart*, the government did *not* concede timeliness in Bazemore's case. So after the district judge in that case adopted *Bazemore I*'s reasoning, *Bazemore v. United States*, 2012 WL 3982204 (S.D. Ga. Sep. 11, 2012) (*Bazemore II*), the government moved for reconsideration on untimeliness grounds. *Bazemore*, CR491-176 doc. 1420 at 2. The judge (who is also presiding over this case) agreed, vacated *Bazemore II*, and ruled that *Stewart* did not restart Bazemore's one-year limitations period. Bazemore's latest § 2255 motion, while not successive, nevertheless was time-barred:

> *Stewart* simply held that a numerically second petition raising a *Johnson* claim is not legally successive. It did not speak to the timeliness of petitions under [§ 2255(f)'s] statute of limitations, or whether the rule it announced applied retroactively to situations like Bazemore's, where prisoners timely raise otherwise valid *Johnson* claims yet have their petitions denied as impermissibly successive. To the extent that this Court predicated its decision to grant Bazemore's petition on the *Stewart* opinion itself resetting the one year limitations clock, that decision is clearly erroneous and disavowed by the Court.

*Bazemore*, 2013 WL 2284890 at * 2 (*Bazemore III*) (cite omitted).

Again, there is no question that Green is way past 28 U.S.C. § 2255(f)'s one-year limitations period for filing § 2255 motions. *See* doc.

4

91 (2003 judgment); doc. 144 (judgment affirmed on appeal, Dec. 24, 2003).[2] Pursuant to this Court's preliminary review under 28 U.S.C. § 2255 Rule 4(b), then, Green's § 2255 motion (doc. 325) is time-barred, and must be **DENIED** based on *Bazemore III*'s reasoning. But just as in *Bazemore*, this issue is debatable among jurists of reason. Applying the Certificate of Appealability ("COA") standards, *see Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), a COA therefore should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there is a non-frivolous issue to raise on appeal, an appeal would be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **GRANTED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED and** RECOMMENDED, this 12th day of August, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Even if it could be said that his subsequent § 2255 and other motions somehow stopped the one-year limitations clock, easily more than one year elapsed, in the aggregate, in the time periods between them.

5