# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

AUG 14 2015

CLERK
SO. DIST. OF GA

| | | |
|---|---|---|
| WILLIAM ERIC GREEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CR602-008 |
| | ) | CV613-077 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Upon re-referral from the district judge, CR602-008, doc. 352, the Court recommends that William Eric Green's 28 U.S.C. § 2255 motion (doc. 325) be denied. To recapitulate, the Court denied Green's § 2255 motion as untimely, he appealed, and the Court issued a Certificate of Appealability (COA) that the Eleventh Circuit found deficient. Doc. 347 at 2-3. On remand, the district judge vacated the Court's prior judgment as erroneous and ruled that Green's § 2255 motion was timely filed, doc. 352, thus rendering it ripe for a merits-based review.

As underscored by the government's brief, doc. 363, Green's appeal was stillborn, rendering the remand futile. The district judge explained

-- even before Green appealed -- that his § 2255 motion fails precisely *because* it rests on the since-discharged Georgia First Offender Act (GFOA) conviction that Green now invokes.[1]  Again, such convictions, even if discharged upon the defendant's GFOA compliance, nevertheless continue to count in federal court when calculating a defendant's criminal history under the Federal Sentencing Guidelines. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009); *Clark v. United States*, 2011 WL 2174425 at *2 (S.D. Ga. May 16, 2011).[2]  Hence, no § 2255-

---

[1] After the Court erroneously denied Green's § 2255 motion as untimely, doc. 331, he moved for reconsideration. Doc. 332. He argued that his motion was not untimely because one of his state court convictions used to enhance his federal sentence fell under the GFOA. He had complied with the GFOA and thus won a 2013 state-court discharge from that conviction. That constituted, he contended, "a new fact that triggers a fresh one year statute of limitations under 28 U.S.C. § 2255(f)(4)." Doc. 332 at 1; *see also id.* at 3 (copy of 2013 GFOA discharge).

In denying that motion, the district judge pointed out that a GFOA conviction, even if discharged upon the defendant's GFOA compliance, still counts as a prior conviction for the criminal history calculations that figure into a *federal* sentence. Doc. 333 at 1, citing *Gregory v. United States*, 2008 WL 975087 at * 1 (S.D. Ga. Apr. 9, 2008) and *United States v. Knight*, 154 F. App'x 798, 799 (11th Cir. 2005); *see also Reed v. United States*, 2009 WL 3617758 at * 4 (M.D. Ga. Oct. 28, 2009). "And if a discharge under the [GFOA] is insufficient to eliminate the conviction from consideration at sentencing," reasoned the district judge, then "receiving a discharge *after* sentencing certainly cannot do so." *Id.* (emphasis added).

[2] "[D]efendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2, comment (n. 9). The policy behind a first-offender disposition is "to allow first offenders, who are often youthful, an opportunity to straighten themselves out on the road of life without the baggage of a . . . conviction on their record." *United States v. Miller*, 434 F.3d 820, 824 (6th Cir. 2006). It "is clearly not meant to provide them

redressable error occurred here, which means his § 2255 motion is without merit. Green's Reply to the Government's brief simply ignores the GFOA reasoning (*i.e.*, that it doesn't matter that he satisfied the GFOA and thus got that conviction discharged in *State* court, for it *still* counts here). Doc. 30 at 1-2. His motions for appointment of counsel[3] (docs. 357 & 358) thus are **DENIED.**

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED.** 28 U.S.C. § 1915(a)(3).

---

with a technical legal advantage if, not having learned a lesson, they continue their criminal conduct." *Id.*; *see also United States v. Elliot*, 732 F.3d 1307, 1313 (11th Cir. 2013) ("[T]he district court did not err by using [defendant's] Alabama youthful offender adjudication to classify him as a career offender. . . .").

[3] There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). The Court has discretion to appoint counsel to indigent § 2255 movants, 18 U.S.C. § 3006A(a)(2)(B), but appointment of counsel is "a privilege that is justified only by exceptional circumstances," *McCall v. Cook*, 495 F. App'x 29, 31 (11th Cir. 2012); *Roberson v. United States*, 2015 WL 3827098 at *4 (S.D. Ga. June 18. 2015). Green presents no exceptional circumstances here.

**SO REPORTED AND RECOMMENDED,** this _13th_ day of

August, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**