ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 OCT -8 AM 10:06

CLERK_____
SO DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC GREEN, | * | |
| | * | |
| Petitioner, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | CV 613-077 |
| | * | (underlying case CR 602-008) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Petitioner's objection in his filing of August 24, 2015 (doc. no. 34) requires further comment.

On January 13, 2003, Petitioner was sentenced in this Court to 240 months imprisonment on a drug conspiracy count plus an additional 60 months imprisonment for carrying a firearm in relation to a drug trafficking crime. Petitioner's Presentence Investigation Report listed several prior convictions, which yielded a Category V criminal history. Two points in his criminal history calculation were awarded for a 1991 state court conviction for reckless

conduct[1] and drinking underage; Petitioner was sentenced to twelve months in custody on the reckless conduct charge to be followed by thirty days confinement on the underage drinking charge.

In this civil action, Petitioner sought to have his sentence vacated because the State Court of Chatham County, Georgia, discharged his reckless conduct and underage drinking conviction under the Georgia First Offender Act ("GFOA"), O.C.G.A. § 42-8-60 et seq. As discussed in the Report and Recommendation, convictions discharged under the GFOA continue to count in federal court for purposes of calculating a Petitioner's criminal history under the United States Sentencing Guidelines. Now, in his objection, Petitioner points out that a conviction for public drunkenness can never count under U.S.S.G. § 4A1.2(c)(2). According to Petitioner then, counting the underage drinking conviction in his criminal history calculation was erroneous regardless of the disposition under the GFOA.

The problem with Petitioner's argument is that he ignores his conviction for reckless conduct. The two points used in the criminal history calculation for the subject criminal

---

[1] The reckless conduct charge was reduced from an aggravated assault charge. The facts of this conviction show that foot-patrol police officers witnessed Petitioner in possession of a pistol grip shotgun "hanging out of the front passenger door" of a moving car. The officers observed Petitioner chamber a round and fire the weapon at another vehicle.

incident are appropriate for the reckless conduct charge under U.S.S.G. § 4A1.1(b) because the reckless conduct charge resulted in a sentence of imprisonment of a least sixty days. In short, the underage drinking charge was not a factor in the criminal history calculation. Accordingly, Petitioner's objection in this regard is overruled.

Upon the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the 28 U.S.C. § 2255 petition, and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE